**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES DOLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No.  **3:12-cv-00949-JPG-PMF** |
| | ) | |
| **DR. SANTOS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

The following motions are before the Court:

1)  Plaintiff James Dolis' (Doc. 36) motion for leave to file an amended complaint and Defendant Krebs' (Doc. 41) response thereto;

2)  Krebs' (Doc. 17) motion to dismiss and Dolis' response (Doc. 37) thereto; and

3)  Dolis' (Doc. 26) motion for summary judgment and Krebs' (Doc. 39) response thereto.

This case was created on August 23, 2012, when the Court severed it from *Dolis v. Robert*, Case No. 12-819-JPG (S.D.Ill. 2012) because the complaint contained improperly joined allegations. *See* Doc. 1.  With respect to this case, the Court summarized the relevant allegations in the complaint against Defendants Dr. Santos and Krebs as follows:

> Plaintiff also claims that he was diagnosed by an outside specialist with "Peyroneis disease" and a "severe urethral stricture" (Doc. 1, p. 2). The specialist prescribed vitamin E capsules and surgery. However, Defendant Doctor Santos denied Plaintiff the prescribed vitamin E (Doc. 1, pp. 2-3; 9-10). Defendant Krebs (the Health Care Unit Administrator) also denied the vitamin E because it was not an approved prescription, and told Plaintiff to buy multi-vitamins at the commissary (Doc. 1, p. 10). Unfortunately, the multi-vitamins contained no

1

vitamin E, and Plaintiff thus could not get that prescribed remedy. Plaintiff did ultimately have surgery.

*Id*. at 2.  The Court screened the complaint pursuant to its authority in 28 U.S.C. § 1915A (§ 1915A) and found that Carter stated a claim against both Defendant Dr. Santos and Krebs for deliberate indifference to serious medical needs. *See id*. at 3.

### A.  Plaintiff Dolis' (Doc. 36) Motion for Leave to File an Amended Complaint

Dolis seeks leave to file an amended complaint to the Court that would clarify his deliberate indifference claims against Defendants Dr. Santos and Nurse Krebs.  The Court has reviewed the proposed amended complaint.  As noted above, this case was severed from the original case, *Dolis v. Robert*, Case No. 12-819-JPG (S.D.Ill. 2012).  The (Doc. 2) complaint that was filed in this case contains allegations that are unrelated to the Defendants in this case.  Dolis has removed the allegations relating to case 12-819 in his proposed amendment and has attempted to add factual allegations to support his deliberate indifference claims against the Defendants in this case.

Under Federal Rule of Civil Procedure 15, a party may amend its pleading with the written consent of the other parties or the Court's leave should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2).  "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted).

Krebs has objected on the basis that the proposed amendment would be futile.  "[A]n amendment may be futile when it fails to state a valid theory of liability, or could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992).  Krebs argues that the

original complaint fails to state a claim against her for deliberate indifference to serious medical needs. *See* Docs. 17, 41.  In determining whether or not the plaintiff stated a claim upon which relief can be granted, Courts use the same standard for § 1915A review and deciding a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Booker-El v. Superintendent, Ind. State Prisons,* 668 F.3d 896, 899 (7th Cir. 2012); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011); *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000); *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000) ("This standard, derived from Rule 12(b)(6), also applies to the dismissal of claims under § 1915A.").  Here, the Court already resolved this question on August 23, 2012, when it ruled that Dolis "articulated a colorable federal cause of action against Defendants … Defendants Santos and Krebs for deliberate indifference to medical needs (Count 3)." *See* Doc. 1 at 3.  Accordingly, the Court has already ruled that Dolis stated a claim for deliberate indifference to serious medical needs against Krebs in the original complaint. *See* Doc. 1 at 3.

With regard to the proposed amendment, Krebs again asserts that Dolis failed to state a claim upon which relief could be granted.  Dolis has attempted to clarify his claim against Krebs with his proposed amendment by adding factual support to his allegations, and he has also added certain allegations regarding other serious medical conditions.  Krebs objects on the basis that Dolis only included conclusory statements with respect to the mental state required for deliberate indifference to serious medical need cases.  Construing Dolis' proposed amendment liberally (*see Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988)), the Court has reviewed the allegations concerning Krebs in the proposed amendment and finds that the allegations contain enough factual detail to state a claim to relief that is plausible on its face (*see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations omitted)).

3

In her responses to Dolis' motions that are the subject of this Report and Recommendation, Krebs cites *Hayes v. Snyder*, 546 F.3d 516 (7th Cir. 2008) and *Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006) for authority for her argument regarding the distinction between medical professionals and non-medical professionals in deliberate indifference to serious medical need cases. Both *Hayes* and *Johnson* are cases decided on summary judgment. On a motion to dismiss, it is not always possible to get a clear picture as to whether a particular defendant has authority to make medical decisions because the Court cannot consider anything outside of the pleadings. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted).  Here, the Court cannot get a clear picture of the actual scope of Krebs' authority to make medical decisions from reviewing the allegations in the proposed amendment.

In sum, it appears the interests of justice will be served by granting Dolis' (Doc. 36) motion to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**B.  Defendant Krebs' (Doc. 17) Motion to Dismiss**

On November 16, 2012, Defendant Krebs filed the instant (Doc. 17) motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  She argues that Dolis failed to state a claim against her for deliberate indifference to serious medical needs in the original complaint.  As already discussed above, the question regarding whether or not Dolis stated a claim against Krebs for deliberate indifference to serious medical needs in this case has already been considered. *See* Doc. 1 at 3.  While the question may be reconsidered, Krebs has not filed a motion for reconsideration.  Regardless, the undersigned has recommended that the (Doc. 36) motion to amend the complaint be granted. *See supra*, PART A.  If that recommendation is

adopted, the (Doc. 17) motion to dismiss can be denied as moot because it attacks the original complaint, which will be null and void.

### C.  Plaintiff Dolis' (Doc. 26) Motion for Summary Judgment

Dolis claims he is entitled to summary judgment because neither Defendant responded to the complaint in the required timeframe after waiving service of process.  Dolis argues that Federal Rule of Civil Procedure 8(d) requires that the Court consider the lack of response to the complaint as an admission to every allegation in the complaint.  But Dolis' reliance on Rule 8 is misplaced.  Rule 8 governs the rules concerning pleadings. *See* FED. R. CIV. P. 8.  In order to properly apply the language in Rule 8 that Dolis relies on concerning admissions, the Defendants would have had to have had an answer on file that failed to address an allegation in the complaint. *See id*.  Dolis affirmatively states at the time of filing his summary judgment motion that he believed no responsive pleadings had been filed.  Thus, Rule 8 is inapplicable.  The (Doc. 26) motion for summary judgment should be denied.

Much of the procedural folly that this motion highlights has already been resolved by an order dated December 20, 2012. *See* Doc. 27 at 2-3.  On that date, the Court considered Dolis' motion for entry of default (Doc. 23) and motion to strike a motion to dismiss (Doc. 24).  The Court ruled that Krebs' (Doc. 17) motion to dismiss constituted a responsive pleading to the complaint and found that she was not in default. *See* Doc. 27 at 3.  However, it was found that Dr. Santos was in default and default was entered against him. *See id*. at 2.  The entry of default was vacated, however, six days later for good cause, and Dr. Santos was ordered to file a responsive pleading. *See* Doc. 34.  Accordingly, neither Defendant is presently in default.

## I.   <u>RECOMMENDATION</u>

Based on the forgoing, the Court makes the following recommendations:

1)      It is recommended that Plaintiff Dolis' (Doc. 36) motion for leave to file an amended complaint be granted;

2)      It is recommended that Defendant Krebs' (Doc. 17) motion to dismiss be denied;  and

3)      It is recommended that Plaintiff Dolis' (Doc. 26) motion for summary judgment be denied.


If these recommendations are adopted in their entirety, this case will continue against Defendants Dr. Santos and Krebs for deliberate indifference to serious medical needs. Additionally, the Clerk should be directed to file Dolis' amended complaint, and the Defendants should be directed to filed a responsive pleading in accordance with Rule 15.

**SO RECOMMENDED.**

**DATED: February 15, 2013.**


<u>s/ Philip M. Frazier</u>
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE