IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES DOLIS, R42411,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-cv-00949-JPG-PMF |
| | ) |
| **VENERIO SANTOS,** *et al.***,** | ) |
| | ) |
| Defendants. | ) |

### ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Santos's motion for sanctions (Doc. 150). Both defendants assert that the plaintiff violated Federal Rule of Civil Procedure 11(b) by filing a falsified document with the Court. Specifically, the defendants argue that the plaintiff attached a fabricated grievance form in his sur-reply at Doc. 120 for the purpose of satisfying the exhaustion of administrative remedies requirement under 42 U.S.C. § 1997e. The plaintiff's lawsuit alleges six separate counts of Eighth Amendment deliberate indifference to serious medical needs, and the grievance form in question pertains to Count 6. A *Pavey* evidentiary hearing was held on October 10, 2014, and at the hearing, defense counsel stated that they thought the Count 6 grievance form was fabricated. The plaintiff responded by stating that he would like to withdraw Count 6, but he went on to say that "this grievance was submitted" and that the accusations that he fabricated the form were "speculative."

Filing falsified documents, committing perjury and other litigant misconduct can justify the dismissal of a case. *See Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014). Pursuant to Federal Rule of Civil Procedure 11(c)(1), the plaintiff is hereby put on notice and ordered to show cause as to why sanctions should not occur. The plaintiff must file a response to this order

within 21 days. The failure to file a response will be deemed an admission of the defendants' motion (Doc. 150).

**IT IS SO ORDERED.**

**DATED:   December 10, 2014   .**

**s/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
