IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DOLIS, R42411,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| vs.      ) | Case No. 12-cv-00949-JPG-PMF |
| ) | |
| DR. SANTOS, *et al.*,      ) | |
| ) | |
| Defendants.      ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 165) of Magistrate Judge Philip M. Frazier with regard to Rule 11 sanctions *sua sponte*. Plaintiff has filed objections to the R & R (Doc. 168).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As Plaintiff has filed objections, the Court will review the R & R *de novo*.

The misconduct at issue is the Plaintiff submitting a fabricated grievance (Doc. 120, pg 4) in order to defeat Defendant's Motion for Partial Summary Judgment on the Issue of Exhaustion (Doc. 92) with regard to Count 6 and for stating under oath in a *Pavey* hearing that he had filed a grievance on the issue in which the false grievance was submitted.

Plaintiff's objections to the R & R note that Defendant Dr. Santos' Motion for Sanction (Doc. 150) failed to indicate that it complied with Federal Rule of Civil Procedure 11(c)(2) in that it was served on the Plaintiff and not filed until 21 days had elapsed in which the Plaintiff could have withdrawn or appropriately corrected the challenged paper, claim, defense, contention or denial. However, the R & R does not state that the Defendant's Motion for Sanction was before the Court nor did the R & R state recommend that Defendant's Motion for Sanction be granted.

The R & R states that issue before the Court was whether sanction should be entered against plaintiff James Dolis. The Court may issue Rule 11 sanctions *sua sponte* if it issues an order to show cause to the party facing sanctions specifically describing the offensive conduct and giving the party an opportunity to respond. Fed. R. Civ. P. 11(c)(3). On December 12, 2014, this Court issued a Show Order (Doc. 158) putting Plaintiff on notice and ordering him to show cause as to why sanction should not occur. Plaintiff filed a response to the Show Cause on January 12, 2015 (Doc. 162).

In Plaintiff's objection to the R & R (Doc. 168), he claims that the submission was an innocent mistake and that he has difficulty seeing due to the contamination of black mold in his cell. He further contends that, "Plaintiff has provided this court with the actual 12/14/10 grievance he submitted on his hearing." (Doc. 168) That grievance is marked as Exhibit C (Exhibit G also appears to a copy of the same grievance.) However, Exhibit C does not match the grievance filed by the Plaintiff in response to Defendant's Motion for Summary Judgment. The wording is similar and close to being the same, however, there are inconsistencies between the documents such as one grievance begins on the first line and the other begins on the second line; and one is dated, "Dec/14/2010" and the other is dated "12/14/10." Neither grievance has

any indication that it was actually submitted and now there are two grievances submitted by the plaintiff that are inconsistent with each other and with the grievance submitted by the Defendant.

Plaintiff does not address the 12/14/2010 grievance provided by the Defendant. The Plaintiff only states, "Also, the court simply overlooks the FACT that records of his submitted grievances were altered, manipulated as to grievances on the health care issues." (Doc. 168).

With regard to the Plaintiff's testimony, the Magistrate Judge made the following statement at the *Pavey* hearing:

> "I would be lying to you if I were to say that this didn't look fishy, because it looks very fishy. The timing and everything else rather strongly leans towards the direction that this subsequent grievance may have been fabricated for the sole purpose of defeating the exhaustion issue. Now, if we are going to get into this very much, see, you are under oath, and while even though this wasn't submitted under oath, I would say there's at least a chance that something like this could get you into some trouble." (Doc. 145, pages 14 - 15)

Regardless of the advise, Plaintiff went on to later testify:

> "Judge, I'm going to object to this line here, because this is all speculative.  I submitted a grievance. I submitted numerous -- dozens of grievances, and I wasn't able to get this grievance for months because of numerous lock-downs and I'm not able to get to my excess property boxes in storage and, therefore, at this point in time this is all speculative. This grievance was submitted. I can't -- I can't force anybody to answer it, but I do have copies of everything that I submitted, and that's all I presented to the Court. So, all this talk about fabrication right now at this point is speculative, speculation. I withdrew this claim." (Doc. 145. Pages 19-20).

The Court agrees with the R & R that dismissal of an action is a drastic action and a strong deterrent to Dolis and other litigants who consider partaking in such misconduct. Plaintiff's submission of yet another copy of the 12/14/2014 grievance with his objections to the R & R further indicate that he does appear to appreciate the seriousness of his action.  No lesser

3

sanctions – such as monetary sanctions or partial dismissal – are appropriate under these circumstances.

As such, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 165) in its entirety and as sanctions for Plaintiff's misconduct of filling a fabricated grievance, this matter is **DISMISSED** with prejudice.  All pending Motions are **DENIED** as moot and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  3/31/2015           *s/J. Phil Gilbert*
                            **J. PHIL GILBERT**
                            **DISTRICT JUDGE**