IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DOLIS, R42411, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 12-cv-00949-JPG-PMF |
| | ) |
| DR. SANTOS, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff James Dolis' Rule 60(b) Motion to Vacate an Order Procured by Fraud (Doc. 171). Plaintiff argues that Defendant Dr. Santos Motion to Vacate the Default Judgment (Doc. 29) was "BLANTANT LIES to this court." (Doc. 171). He further argues that the resulting granting of the Defendant's Motion (Doc. 34) was procured by fraud. Plaintiff states that Defendant's representation to the Court that, "Dr. Santo just found out that the attorney general would not represent him in this matter" is a false statement since "any & all lawsuits on medical claims filed by IDOC inmate plaintiffs against Dr defendants employed by Wexford are all represented by Hexl Royster Voelker & Allen." (Doc. 171).

Federal Rule of Civil Procedure 60(b)(3) provides that on motion and just terms, the court may relieve a party from a final judgment, order, or proceeding for fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. However, Rule 60(c) states that the timing of a motion under Rule 60(b) must be made within a reasonable time and for fraud, no more than a year after the entry of the judgment or order. Fed.R.Civ.P. 60(c)(1).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)

(citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

Defendant Dr. Santos' Motion to Vacate (Doc. 29) was filed on December 21, 2012 and the Order (Doc. 34) granting the Motion was entered on December 26, 2012. As such, Plaintiff James Dolis' Rule 60(b) Motion to Vacate an Order Procured by Fraud (Doc. 171) was filed more than two years after the entry of the order in which he seeks relief. Further, a Rule 60(b) motion, by its terms is limited to "final" judgments or orders, is inapplicable to interlocutory orders.

For the above reasons, Plaintiff James Dolis' Rule 60(b) Motion to Vacate an Order Procured by Fraud (Doc. 171) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**  4/9/2015             *s/J. Phil Gilbert*
                                **J. PHIL GILBERT**
                                **DISTRICT JUDGE**