IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DOLIS, R42411, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-00949-JPG-PMF |
| ) | |
| DR. SANTOS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's 59(e) Motion (Doc. 173) to Reconsider the 4/9/15 Order (Doc. 172) and Plaintiff's Motion (Doc. 174) to Reconsider 59(e) – 60 (b) Motion to Vacate the 3/31/15 Order (Doc. 169). Defendants did not file a response to either motion.

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

However, courts have recognized that occasionally they misunderstand the parties and make errors of fact or of law. Parties should be allowed to bring such errors to the court's

attention to give the court the opportunity to correct them. Thus, a motion for reconsideration under Rule 60(b) is appropriate to correct manifest errors of law or fact, to present newly discovered evidence, or when the court has made a decision outside the adversarial issues presented by the parties.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).  The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.  *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).  It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision.  *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

Plaintiff's 59(e) Motion (Doc. 173) to Reconsider requests that this Court reconsider its Order (Doc. 172) denying Plaintiff's Rule 60(b) Motion to Vacate an Order Procured by Fraud (Doc. 171) as untimely and not applicable to interlocutory orders.  Plaintiff states that he timely filed "at least two motions and quite possibly three or four to vacate the order that granted defendant's motion to vacate the default judgment." (Doc. 173).

Plaintiff does not provide any material evidence or intervening changes in the controlling law in support of his Rule 59(e) motion.  Further, the Plaintiff does not cite to any manifest errors of law or fact within the Court's Order (Doc. 172) that would require the Court to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  Plaintiff only argues that he filed motions which were never received by the Court.  As such, Plaintiff's 59(e) Motion (Doc. 173) to Reconsider the 4/9/15 Order is **DENIED.**

Also before the Court is Plaintiff's Motion (Doc. 174) to Reconsider 59(e) – 60 (b) Motion to Vacate the 3/31/15 Order (Doc. 169).  The Order of March 31, 2015, adopted the Report and Recommendation (R&R) of Magistrate Judge Philip M. Frazier with regard to Rule 11 sanctions *sua sponte* and dismissed this matter with prejudice.

Plaintiff submitted a timely response to the R & R which the Court considered prior to its ruling.  A review of that response and Plaintiff's current motion indicate that Plaintiff is not presenting any new argument except that he believes that the Court's order was not *sua sponte*, but based upon Defendant's Motion for Sanctions (Doc. 150).  The Court acknowledges (and the R & R states) that the Court considered the Defendant's Motion for Sanctions along with Plaintiff's Response (Doc. 154).  However, the Court also entered a Show Cause Order with regard to sanctions (Doc. 158) and the Court considered it and Plaintiff's response (Doc. 162) prior to determining *sua sponte* that sanctions were appropriate in this matter.

Again Plaintiff fails to present newly discovered material evidence or intervening changes in the controlling law or to correct manifest errors of law or fact that would make Rule 59(e) relief appropriate.

Rule 60(b) authorizes a Court to grant relief from judgment for the specific reasons listed in the rule, but Plaintiff cites to none of the specific reason and only rehashes old argument.

Based on the above, Plaintiff's 59(e) Motion (Doc. 173) to Reconsider the 4/9/15 Order (Doc. 172) and Plaintiff's Motion (Doc. 174) to Reconsider 59(e) – 60 (b) Motion to Vacate the 3/31/15 Order (Doc. 169) are **DENIED.**

**IT IS SO ORDERED.**

**DATED:** 5/15/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**