IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DOLIS, R42411, | ) |
|     Plaintiff, | ) ) ) |
| vs. | )     Case No. 12-cv-00949-JPG-PMF |
| | ) |
| DR. SANTOS, *et al.*, | ) ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's 59(e) Motion (Doc. 176) to Reconsider Court's Memorandum and Order (Doc. 175) denying Plaintiff's Motion to Reconsider the Court's Order (Doc. 172) and Plaintiff's Motion (Doc. 174) to Reconsider 59(e) – 60 (b) Motion to Vacate the 3/31/15 Order (Doc. 169). Defendants did not file a response to the motion.

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

However, there is only so much reconsideration a single judge can do. The Court's reasoning has been set forth in previous orders and will not be repeated here. Plaintiff's

argument that the document (Doc. 120) was stricken and therefore, not before the Court fails to address that the Court held a *Pavey* hearing *prior* to granting the Defendant's Motion to Strike and as such, the document was properly before the Court at the time of Court's consideration.

Plaintiff does not provide any material evidence or intervening changes in the controlling law in support of his Rule 59(e) motion.  Further, the Plaintiff does not cite to any manifest errors of law or fact within the Court's Order (Doc. 175) that would require the Court to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.

Therefore, Plaintiff's 59(e) Motion (Doc. 176) to Reconsider Court's Memorandum and Order (Doc. 175) denying Plaintiff's Motion to Reconsider the Court's Order (Doc. 172) and Plaintiff's Motion (Doc. 174) to Reconsider 59(e) – 60 (b) Motion to Vacate the 3/31/15 Order (Doc. 169) is **DENIED**.  Also before the Court is Plaintiff's Motion for Status (Doc. 177).  The Court **GRANTS** Plaintiff's Motion for Status and states that the Court, in this order, has ruled on Plaintiff's Motion for Reconsideration.   The Clerk of Court is **DIRECTED** to send a copy of this order to the Plaintiff.

**IT IS SO ORDERED.**

**DATED:**  8/18/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**