IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DOLIS, R42411, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12-cv-00949-JPG-PMF |
| | ) |
| DR. SANTOS, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Plaintiff's Motion (Doc. 179) to Reconsider Court's Memorandums and Orders (Doc. 165 & 169). Defendants filed a response (Doc. 180) and Plaintiff filed a reply (Doc. 181).

    Plaintiff request reconsideration of the Report and Recommendation ("R&R")(Doc. 165) of Magistrate Judge Philip M. Frazier recommending sanctions and this Court's Memorandum and Order (Doc. 169) adopting the R & R and awarding sanctions in the form of a dismissal. The Court notes that the Plaintiff has filed a Motion to Vacate under Rule 60(b) (Doc. 171); a Motion to Reconsider under Rule 59(e) (Doc. 173); another Motion for Reconsideration (Doc. 174); and yet another Motion for Reconsider (Doc. 175) – all in reference to this Court's Memorandum and Order (Doc. 169).

    Plaintiff states that the current Motion to Reconsider is based on "newly discovered grounds for reconsideration." Specifically, Plaintiff states that he is entitled to a safe harbor Federal Rule of Civil Procedure Rule 11. This argument that should have been raised before the court made its decision or at least, during one of the motions cited above. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th

Cir. 1993) (Table).

The sanctions were imposed due to Plaintiff's dishonesty and to deter the Plaintiff and others from similar malfeasance.  As the Court has previously noted, there is only so much reconsideration a single judge can do.  The Court's reasoning has been set forth and the Plaintiff does not provide any material evidence or intervening changes in the controlling law in support of his motion.

Therefore, Plaintiff's Motion (Doc. 179) to Reconsider Court's Memorandum and Order (Doc. 169) is **DENIED**.  The Court also notes that although a Rule 59 or Rule 60 motion will toll the appeal period, continuous motions for reconsideration will not.  Plaintiff could have appealed this Court's judgment after the final ruling on Plaintiff's Rule 59 and Rule 60 motions (Doc. 175), but the time for doing so has expired.

The Clerk of Court is **DIRECTED** to send a copy of this order to the Plaintiff.

**IT IS SO ORDERED.**

**DATED:**   2/2/2016

               *s/J. Phil Gilbert*
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**